UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| WILLIE C. JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:06CV74 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on Petitioner Willie Johnson's motion and amended motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Johnson's grounds for relief include allegations that he received ineffective assistance of counsel at the trial and appellate court levels and that his indictment was legally flawed. For the reasons set forth below, the motions will be denied.

**I.      Background**

On September 15, 2004, Johnson was convicted by a jury on three of four counts charged in a superseding indictment. Johnson's conviction was affirmed by the United States Court of Appeals for the Eighth Circuit, case number 05-1620, on March 13, 2006.

The background facts of this case are recited in the Eighth Circuit's opinion as follows:

> In July 2003, law enforcement agents from Missouri's Bootheel region suspected illegal drug activity in an area of Steele, Missouri, called "the corners." The agents engaged Walter Robinson Jr. (Robinson) to become a confidential informant. On July 24, the agents equipped Robinson with recording devices and sent him to "the corners" to attempt to purchase a $20 rock of crack cocaine using a prerecorded $20 bill. Robinson eventually began a conversation with Johnson, who was at "the corners," telling Johnson he was seeking a "twenty" rock of crack cocaine. Johnson told Robinson to wait while he made a phone call. When Johnson completed the call, he told Robinson to follow him in his car. Robinson

followed Johnson to a trailer home on Smith Street.

Upon arriving, Johnson introduced Robinson to Charles Davis (Davis), told Davis to "take care of" Robinson, then left. Davis and Robinson entered the trailer and went to a rear bedroom, where Davis sold Robinson a "twenty" rock of crack cocaine from a plastic baggie. Robinson then left and reconvened with law enforcement agents, where the agents collected the drugs, reviewed the audio and visual recordings Robinson secretly made, and recognized Johnson. Robinson overheard one of the agents refer to Johnson as "Willie." The agents instructed Robinson to return to "the corners" to attempt another purchase.

Later that day, Robinson returned to the area and met with Johnson. When Robinson told Johnson he wanted more drugs, Johnson told him to return to the Smith Street trailer and speak with Davis. Robinson asked Johnson to lead him there again, inadvertently referring to Johnson as "Willie." Upon arriving at the trailer, Johnson and Davis began to question Robinson how he knew Johnson's first name. The three eventually went to the trailer's rear bedroom, where Johnson and Davis continued to question Robinson, suspecting him of being an informant. Overhearing this through Robinson's recording device, the agents entered the trailer. Upon the agents' arrival, Robinson witnessed Johnson retrieve a plastic baggie from his pocket and throw it on the bedroom floor. Robinson told the agents what he saw.

Agents arrested and searched all of the occupants, including Berter Mae Joyner (Joyner), who was in the living room. Agents found the prerecorded $20 bill on Davis. Joyner, the trailer's lessee and Davis's girlfriend, granted permission to search the trailer. Agents located a small plastic baggie with several "twenty" rocks of crack cocaine lying on the floor of the rear bedroom, a purse on a closet shelf in the same bedroom containing another chunk of crack cocaine, and some small scales located in the closet.

Before Johnson's trial, Davis pled guilty to conspiring with Johnson to distribute crack cocaine, and agreed to cooperate with the government and testify against Johnson. At trial, Davis testified Johnson called him before Johnson and Robinson arrived at his trailer on July 24, 2003. Regarding the contraband found in the trailer, Davis stated (1) the plastic bag of crack cocaine belonged to him, (2) the day before his arrest he had obtained from Johnson the chunk of crack cocaine found in the closet, and (3) the scales found in the closet were left there by Johnson. Davis further testified he purchased crack cocaine from Johnson and later sold it to others, paying Johnson only after Davis sold it. Davis stated he distributed crack cocaine for Johnson for eighteen to twenty months from 2002 to July 24, 2003. Davis testified the normal amount of crack cocaine he received from Johnson was one-quarter ounce once or twice per month.

Before trial, the government provided Johnson with notice of its intention to introduce under Rule 404(b) the testimony of Torrell Nelson (Nelson) regarding previous crack cocaine transactions between Nelson and Johnson to demonstrate Johnson's knowledge, intent, or absence of mistake. Johnson objected, but the district court ruled Nelson's proffered testimony was admissible.

At trial, the district court gave a limiting instruction before Nelson's testimony, after which Nelson testified to purchasing crack cocaine from Johnson intermittently from 1998 to 2003. Nelson further testified, while in Davis's trailer, he had observed crack cocaine in the possession of Davis and Johnson. Nelson stated he knew Davis and Johnson had a working relationship. After Nelson finished testifying, the district court gave the jury another limiting instruction, advising the jury to consider Nelson's testimony only for purposes of Johnson's "knowledge, intent, or absence of mistake or accident."

Johnson's trial took place shortly after the Supreme Court decided Blakely v. Washington, 542 U.S. 296 (2004), but before this court provided guidance to district courts on the implications of Blakely and the Supreme Court's later decision in United States v. Booker, 543 U.S. 220 (2005). See United States v. Pirani, 406 F.3d 543 (8thCir.)(en banc), cert. denied, 126 S. Ct. 266 (2005). As such, the district court included special jury instructions requiring the jury to find whether the government proved its allegation of fifty grams or more of cocaine base in the conspiracy charge, as well as other special instructions regarding Johnson's alleged role in the charged offenses (relevant to certain sentencing enhancement factors added by the government to the superseding indictment post-Blakely).

With this in mind, the government's closing argument included the following statements regarding Nelson's testimony:

> I have the responsibility of having additional time that I can split to talk about the testimony of Davis and Torrell Nelson with regard to the amounts involved and as to your special findings concerning the defendant's role in the offense.
> . . . .
> . . . I submit to you that if part of the defense or doubt that you're supposed to consider is that one of the co-defendants, conspirators, was smoking, then let's consider all of the evidence concerning not only the crack cocaine that was there, but the crack cocaine that Mr. Davis possessed for the benefit of his co-conspirator, the defendant, Willie Johnson, that he testified to, and even the testimony of Torrell Nelson concerning the other crack cocaine involved in this case.
> . . . .

-3-

> Now, ladies and gentlemen of the jury, again with regard to Torrell Nelson, because we are asking–[w]ith regard to the other instructions, ladies and gentlemen of the jury, the judge is going to give you a verdict concerning other special findings that you have to make and as a–[i]n support of that–remember the testimony of Torrell Nelson with regard to over 560 grams if you add everything up during that time period for the distribution by the defendant.
>
> Johnson did not object to the government's statements.
>
> A jury convicted Johnson of conspiracy to distribute fifty grams or more of cocaine base, and distribution of and possession with intent to distribute cocaine base. The jury also found (1) the total quantity for which Johnson was responsible in the conspiracy was at least 150 grams but less than 500 grams; (2) Johnson's role was that of an organizer, leader, manager, or supervisor; and (3) Johnson willfully attempted to obstruct justice during the investigation or prosecution. The district court sentenced Johnson to thirty years' imprisonment on the conspiracy count, twenty years' imprisonment on the distribution count, and twenty years' imprisonment on the possession count, to be served concurrently, as well as a concurrent term of supervised release of five years on the first count and three years on each of the remaining counts.

U.S. v. Johnson, 439 F.3d 947, 949-951 (8th Cir. 2006).

## II. Grounds for Relief

In his § 2255 motion filed on May 30, 2006, Johnson raised the following grounds for relief:

(1) his trial counsel was constitutionally ineffective at trial;

(2) counts two and three of his indictment were invalid because each count charged two distinct criminal offenses instead of just one offense;

(3) his conviction was the result of a variance between the superseding indictment and the evidence presented at trial;

(4) he was deprived of due process because evidence of his drug activity before July 24, 2004 admitted at trial tainted his conviction; and

(5) his appellate counsel was ineffective for failing to raise the claims he now asserts in

grounds two and three.

On January 24, 2007, Johnson filed a motion to supplement his § 2255 petition to add two additional claims for relief:

(6) trial counsel was ineffective for failing to move for a dismissal based on a violation of petitioner's right to a speedy trial; and

(7) this Court was without jurisdiction to enter the conviction and sentence of petitioner because of the speedy trial violation.

## III. Analysis

### A. *An Evidentiary Hearing is not Warranted*

Johnson has filed a request for an evidentiary hearing. An evidentiary hearing need not be held if Johnson's "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). Because Johnson's allegations are refuted by the record I will deny his motion for an evidentiary hearing.

### B. *The Validity of Counts Two and Three of the Superseding Indictment*

In his second ground for relief Johnson asserts that counts two and three of the superseding indictment each charged " both possession and distribution of drug offenses as well as aiding and abetting. Because the counts charged two distinctive criminal offenses in the same count, it is impossible to know what charge the jury actually arrived at its verdict upon."

Johnson's challenge to the validity of the indictment should have been raised on direct appeal. Because Johnson failed to raise this claim on direct appeal, the issue is procedurally defaulted. See Swedzinski v. U.S., 160 F.3d 498, 500 (8th Cir. 1998)(challenge to jury instruction procedurally defaulted when raised for the first time in § 2255 petition). "In order to

obtain collateral review of a procedurally defaulted issue, [Johnson] must show cause excusing his procedural default and actual prejudice resulting from the alleged error." Id. at 501.

Johnson raises this claim twice; directly in ground two of his § 2255 petition and in ground one as part of his ineffective assistance of counsel claim. Because Johnson does not offer any cause or prejudice for failing to raise this claim to the trial court or on direct appeal, (other than his ineffective assistance claim which is addressed separately in part III.(E)(b)) the issue is procedurally barred from consideration as an independent basis for relief in ground two of his petition.

Even if Johnson's claim regarding the indictment were not procedurally barred it fails as a matter of fact and law.

Count two of the indictment alleges that on or about July 24, 2003, Johnson, "aided and abetted by [his co-conspirator] Charles E. Davis, did knowingly and intentionally distribute cocaine base" in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

Johnson asserts that in this count he is charged with two crimes, the crime of aiding and abetting distribution and the crime of distribution. He argues that charging him with two crimes in one count prevented him from being able to defend "such charges as he could not know which of the two offenses the jury would consider to find him guilty."

This contention is without merit for two reasons. First, the plain language of count two alleges that Johnson was guilty of distribution and was aided and abetted by Davis. The jury instruction for this charge properly identified the conduct the jury needed to find to convict Johnson of distribution.

Second, 18 U.S.C. § 2(a) states that; "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a

principle." As a result, Johnson's conviction under count two for distribution did not violate Johnson's rights regardless off the role the jury may have assigned to Johnson. Because 18 U.S.C. § 2 equates an aider and abetter to a principle actor there was no error in count two of the indictment.

Similarly, count three of the superseding indictment alleges that on or about July 24, 2003, Johnson, "aided and abetted by [his co-conspirator] Charles E. Davis, did knowingly and intentionally possess with intent to distribute cocaine base" in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Johnson repeats the same claim he asserted for count two. This contention is also without merit for the same reason I found count two to be a proper charge.

    C.    *Conviction the Result of a Variance in the Indictment and Evidence*

In his third ground for relief Johnson asserts that the indictment was solely directed at his criminal activity between July 24, 2003 to January 2004. He asserts that because the only evidence of illegal drug activity during this time period was .25 grams of crack cocaine sold to the confidential informant on July 24, 2003, his conviction and sentence are invalid.

Johnson's limited reading of the time frame the indictment spans is incorrect and has already been implicitly rejected by the Eighth Circuit Court of Appeals in Johnson's direct appeal. Johnson, 439 F.3d at 954 (rejecting Johnson's insufficient evidence claim). Count one of the superseding indictment charged Johnson with conspiracy to distribute and possess with intent to distribute cocaine base "[b]eginning at a time unknown to the Grand Jury but continuing thereafter to and including from in and around July of 2003 through January of 2004." The jury found Johnson guilty of the conspiracy count and determined that he was responsible for the total quantity of at least 150 grams but less than 500 grams of cocaine base.

The plain language of the indictment states that the conspiracy began at some unknown

date before July 2003. The evidence presented at trial by Johnson's co-conspirator Davis provided evidence of an eighteen to twenty month period before July 24, 2003 in which the charged crimes were committed. The indictment's charge and the jury's verdict were fully supported by the evidence presented at trial regarding the conspiracy's time frame and drug quantity. See Id.

   D.   *The Use of Rule 404(b) Testimony and Co-conspirator Testimony*

In his fourth ground for relief Johnson asserts that his conviction and sentence was "obtained without the benefit of due process of law when the district court failed to complete the court as required by the Sixth Amendment, movant was entitled to a constitutional immunity defense and the district court was without jurisdiction to tender the judgment against him."

Johnson argues that his conviction and sentence were based on evidence that should not have been relied upon to support his conviction and sentence. Johnson's argument is based on his mistaken belief that the indictment only concerned his criminal activities between July 24, 2003 and January 2004. He asserts that the evidence of his drug distribution activity before July 24, 2003 was outside of the time period encompassed by the indictment and improperly formed the basis of his conviction and sentence.

As I stated above, the indictment spanned a much greater period of time, including at least eighteen months prior to July 24, 2003. The testimony of his co-conspirator Davis provided ample evidence to support Johnson's conviction and sentence.

To the extent Johnson is challenging the admission of testimony by Torrell Nelson under Fed. R. Civ. P. 404(b), the Eighth Circuit Court of Appeals has already determined that it was properly admitted into evidence. See Johnson, 439 F.3d at 952.

Because Johnson's conviction and sentence was based on admissible evidence at trial

Johnson's fourth ground for relief has no merit.

E.  *Ineffective Assistance of Trial Counsel and Appellate Counsel*

To state a claim for ineffective assistance of counsel, Johnson must prove two elements. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. Id. at 689.

Second, Johnson "must show that the deficient performance prejudiced the defense." Id. at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Counsel is not ineffective for failing to make a meritless argument. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994).

(a)  *Appellate Counsel*

For his fifth ground for relief Johnson asserts that his appellate counsel was ineffective for failing to raise the grounds two, three, and four, addressed above, on his direct appeal. Because none of these claims have merit, Johnson's appellate counsel could not have been constitutionally ineffective for failing to raise these claims on appeal.

(b)  *Trial Counsel*

In his first ground for relief in his § 2255 motion Johnson asserts that his trial counsel was ineffective for several reasons. All of them concern the issues that have already been

addressed in this memorandum.

First Johnson alleges that his trial counsel was ineffective for not objecting the introduction of evidence Johnson's drug distribution activity before July 24, 2003. Johnson alleges that his counsel also failed to request a jury instruction limiting the quantities of drugs to be considered for conviction to the time frame between July 24, 2003 to January 2004. Additionally, Johnson asserts that at sentencing his counsel failed to argue against the use of any evidence of drug activity before July 24, 2003 to determine his sentence.

These allegation are based on Johnson's misinterpretation of the time period encompassed by the indictment. The evidence properly admitted at trial established an eighteen to twenty month drug conspiracy before July 24, 2003 which was covered by the indictment. Johnson's claims that his counsel was ineffective for failing to raise any objection to the admission or consideration of Johnson's drug distribution activity before July 24, 2003 is without merit because such evidence was relevant and properly contemplated by the indictment.

To the extent that Johnson asserts that his counsel failed to object to the Rule 404(b) evidence, the record does not support his claim. His counsel consistently raised objections to that testimony.

Johnson also alleges that his counsel "failed to raise an 'immunity' defense on behalf of the Movant to the punishment received although it was apparent that due process had not preceded the punishment as requited by law." This claim is also based upon the admission into evidence of Johnson's drug distribution activity during the conspiracy period before July 24, 2003. As stated above, this evidence was properly admitted. Because Johnson received due process from his indictment through trial and sentencing this claim does not entitle Johnson to relief from his conviction and sentence.

Johnson asserts that his counsel was ineffective because she "failed to argue that the only quantity of drugs attributable to the Movant was that of .25 grams — the drugs found in his possession at the time of his arrest." This allegation is without factual support. In her closing argument Johnson's counsel argued that he was not liable for **any** of the drugs at issue in the conspiracy.

Johnson also asserted that his counsel was ineffective for failing to object to counts two and three of the superseding indictment because they each asserted two separate crimes. I have already addressed this claim and found that counts two and three properly charged in the indictment. Johnson's counsel cannot be ineffective for failing to raise this meritless claim.

    F.    *No Violation of the Speedy Trial Act*

In his supplemental motion to vacate Johnson asserts two related claims. First, he asserts that his trial counsel was ineffective for failing to move for a dismissal based on a violation of the Speedy Trial Act. Second, he asserts that this Court was without jurisdiction to accept Johnson's conviction and impose his sentence because of the Speedy Trial Act violation.

The Speedy Trial Act "generally requires a federal criminal trial to begin within 70 days after a defendant is charged or makes an initial appearance, 18 U.S.C. § 3161(c)(1) ..." Zedner v. U.S., 547 U.S. 489 (2006). Section 3161(c)(1) states that:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, **whichever date last occurs**.

18 U.S.C. § 3161(c)(1)(emphasis added). Certain periods of time are excluded from the 70 day calculation. See 18 U.S.C. § 3161(h).

The record shows that Johnson was first indicted on January 15, 2004, but he was not arrested until April 21, 2004 and made his initial appearance before the magistrate judge on April 22, 2004. Because Johnson's initial appearance took place on April 22, 2004, that is the starting date of the time period to determine whether Johnson's trial commenced within 70 days of that date. On June 28, 2004, voir dire was begun and the jury was impaneled which stops the speedy trial clock. U.S. v. Jones, 23 F.3d 1307, 1308 (8th Cir. 1994)(the commencement of a trial for purposes of speedy trial calculations begins at voir dire).

The time span of 67 days expired from Johnson's initial appearance on April 22, 2004 to the start of his trial on June 28, 2004. This period does not include numerous days the clock was properly tolled under section 3161(h) based on motion practice in the case. Because Johnson was brought to trial within 70 days of his initial appearance his rights under the Speedy Trial Act were not violated.[1] As a result, his claim of ineffective assistance counsel or jurisdictional error based on his alleged violation of the right to a speedy trial is without merit.

Accordingly,

**IT IS HEREBY ORDERED that** Willie C. Johnson's motion to supplement his motion to vacate [#7] is **GRANTED**.

**IT IS FURTHER ORDERED that** the motions of Willie C. Johnson to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [#1, #7] are **DENIED**.

**IT IS FURTHER ORDERED that** the motion for an evidentiary hearing [#11] is **DENIED**.

---

[1] I note that after the jury was impaneled the trial was continued to July 19, 2004. On July 16, 2004, Johnson's counsel filed a motion to continue the case to the next available date for counsel to determine the applicability to the present case of the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004) issued on June 24, 2004. The trial was ultimately recommenced on September 13, 2004 and concluded on September 15, 2004.

**IT IS FURTHER ORDERED that** any other pending motions are denied as moot.

**IT IS FURTHER ORDERED that** this Court will not issue a certificate of appealability, as Johnson has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 5th day of February, 2009.